**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DONALD R. BURKE, III | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-08-1968 |
| | § | |
| HARRIS COUNTY DISTRICT ATTORNEY, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

**ORDER**

Pending before the court is defendant Harris County District Attorney's motion to dismiss plaintiff Donald R. Burke, III's claim for failure to state a claim for which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). FED. R. CIV. P. 12(b)(6); Dkt. 8. Upon consideration of the Harris County D.A.'s motion, the evidence of record, and the applicable law, the motion to dismiss is GRANTED. Burke's claim against the Harris County D.A. is DISMISSED without prejudice.

**I. BACKGROUND**

In March 1981, Donald Robert Burke, III ("Burke") was convicted in Texas district court of aggravated rape of a child and sentenced to fifty years in prison. Dkts. 1, 8. The Fourteenth Court of Appeals affirmed his conviction, overruling four points of error. *See Burke v. State*, 642 S.W.2d 197, 200 (Tex. App.—Houston [14th Dist.] 1981, no writ). Burke's conviction has not been overturned, invalidated, or expunged. Dkt. 8.

Burke filed suit against the Harris County District Attorney ("Harris County D.A."), claiming he was denied due process because the state obtained DNA evidence from him, but did not present the evidence at trial. Dkt. 1. Burke maintains that he was the victim of misidentification and was

wrongly imprisoned for eighteen years, "for a crime [he] did not commit." *Id.* Burke seeks monetary damages from the Harris County D.A. in the amount of $300,000, DNA testing of the physical evidence in the case, and the release of Burke's records. *Id.* The Harris County D.A. responded by moving for dismissal for failure to state a claim for which relief can be granted, in accordance with Federal Rule of Civil Procedure 12(b)(6). Dkts. 5, 6, 8.

## II. ANALYSIS

### A. Federal Rule of Civil Procedure 12(b)(6)

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, ___ U.S. __, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). In considering 12(b)(6) motions, courts generally must accept the factual allegations contained in the complaint as true. *Erickson v. Pardus*, ___U.S.___, 127 S. Ct. 2197, 2200 (2007) (citing *Twombly*, 127 S. Ct. at 1959); *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings in determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964–65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932 (1986)) (internal citations omitted). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. An action fails to state

a claim upon which relief can be granted if the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1960.

**B. 42 U.S.C. § 1983**

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Unlike the federal habeas statute, section 1983 does not require a plaintiff to exhaust state remedies before bringing an action in federal court. *See Heck v. Humphrey*, 512 U.S. 477, 480, 114 S. Ct. 2364 (1994) (citing *Patsy v. Bd. of Regents of Fla.*, 457 U.S. 496, 501, 102 S. Ct. 2557, 2560 (1982)).

A section 1983 claim must be dismissed by a district court if it challenges the legitimacy of a criminal proceeding, unless the plaintiff can demonstrate that the proceeding at issue has been invalidated. *Id.* at 487. In *Heck v. Humprhey*, a prisoner convicted of manslaughter brought a section 1983 action against the county attorneys who prosecuted the case, alleging that they "engaged in an 'unlawful, unreasonable, and arbitrary investigation' and destroyed evidence 'which was exculpatory in nature and could have proved [petitioner's] innocence.'" *Id.* at 479. The Court rejected the prisoner's claim, concluding that a prisoner challenging the validity of his conviction does not have a claim under section 1983 unless he can show that the criminal proceeding resulting in incarceration was illegitimate. The Court explained:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of

> habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated *is not cognizable under § 1983*.

Id. at 486–87 (emphasis added). The Court added that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id*. at 486. And, moreover, collateral attacks of criminal convictions remain barred, despite "the fortuity that a convicted criminal is no longer incarcerated." *Id*. at 490 n.10.

**C. Application of Law to Burke's Claims**

Ultimately, Burke fails to present a claim for which relief can be granted by this court. First, Burke's claim that he is entitled to damages for unconstitutional conviction and wrongful imprisonment fails because a section 1983 plaintiff must prove that his conviction was reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of habeas corpus. *See id.* Burke has not asserted that his conviction has been reversed, expunged, or invalidated, or that a habeas corpus petition was successful in his case. Therefore, the requisite precursors to a section 1983 action have not been met.

Second, Burke seeks to compel DNA testing of the evidence. Because there is a state remedy through which Burke may request relief in state court,[1] Burke should pursue this avenue before seeking redress in through the federal court system.

Finally, even if Burke stated a cognizable claim against the Harris County D.A. under section 1983, a prosecutor enjoys absolute immunity from liability for damages arising from the initiation

[1] The State of Texas provides a remedy for Burke's plea for a review of the physical evidence in the case. Texas Code of Criminal Procedure article 64.01 permits a convicted person to submit to the convicting court a motion for forensic DNA testing of evidence. It must be accompanied by an affidavit, sworn by the convicted person, containing statements of fact in support of the motion. Code Crim. Proc. Ann. art. 64.01(a). Additionally, Texas state law provides a means of appealing a denial of a post-conviction motion for forensic DNA testing of evidence. *See Mearis v. State*, 120 S.W.3d 20, 22–23 (Tex. App.—San Antonio 2003, pet. ref'd).

and presentation of the state's case against an accused. *Esteves v. Brock*, 106 F.3d 674, 677 (5th Cir. 1997); *Ford v. Byrd*, 544 F.2d 194, 195 (5th Cir. 1976). Therefore, prosecutorial immunity bars Burke's claim for relief based on the presentation of evidence at trial.

## III. CONCLUSION

Accordingly, defendant Harris County D.A.'s motion to dismiss is GRANTED and plaintiff Burke's claims are DISMISSED without prejudice.

It is so ORDERED.

Signed at Houston, Texas on October 9, 2008.

Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY